UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | | |
|---|---|---|
| TIMOTHY NOLAN, | ) | |
| | ) | |
| Petitioner, | ) | Civil Case No. 24-61-DCR-CJS |
| | ) | |
| v. | ) | |
| | ) | |
| KEVIN MAZZA, WARDEN, | ) | **REPORT & RECOMMENDATION** |
| | ) | |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On April 23, 2024, Timothy Nolan, by and through counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (R. 1). Pursuant to local practice, this matter has been referred to the undersigned for consideration and preparation of a report and recommendation under 28 U.S.C. § 636(b). *See* Rule 10, Rules Governing § 2254 Cases in the United States District Courts ("A magistrate judge may perform the duties of a district judge under these rules, as authorized by 28 U.S.C. § 636."). After conducting an initial review, the Court determined Nolan filed what appeared to be a facially untimely § 2254 Petition.[1] On June 11, 2024, the Court ordered Nolan to show cause by July 2, 2024, why his § 2254 Petition is not time barred. (R. 6). No response was filed by Nolan by the July 2, 2024, deadline nor does the docket reflect any late filing by Nolan before the issuance of this Report and Recommendation. Because Nolan's Petition is untimely, it will be recommended that his § 2254 Petition be denied.

---

[1] Before coming to this determination, the Court, on April 24, 2024, ordered Nolan to file a completed AO Form 241 in supplement to his initial filing and that all applicable sections of that form should be completed, including paragraph 18, "Timeliness of Petition," concerning the one-year filing limitation period specified in 28 U.S.C. § 2244(d). (R. 3). Nolan filed an AO Form 241 on May 24, 2024. (R. 5). However, the AO Form 241 was not completed in its entirety. Specifically, paragraph 18, "Timeliness of Petition" was left blank by Nolan. (*Id.* at Page ID 67).

**I.     BACKGROUND**

Nolan was indicted on four counts of Human Trafficking of a Minor; one count of Rape in the First Degree; one count of Rape of Female Over Twelve; two counts of Unlawful Transaction with a Minor First Degree; one count of Unlawful Transaction with a Minor First Degree; one count of Unlawful Transaction with a Minor Under 18; fourteen counts of Human Trafficking; one count of Criminal Attempt Human Trafficking of a Minor; one count of Unlawful Transaction with a Minor, Second Degree; one count of Tampering with a Witness; one count of unlawful Transaction with a Minor; and one count of Prostitution. (R. 1-1 at Page ID 10-11). He negotiated and entered a plea on amended counts on February 9, 2018. (*Id*. at Page ID 12). At the first scheduled sentencing hearing on March 29, 2018, Nolan moved the court to withdraw his guilty plea on count fourteen – Unlawful Transaction with a Minor under 16. (*Id*.). Nolan's private counsel was dismissed, a public defender was appointed without objection, and the sentencing hearing was rescheduled for May 4, 2018. (*Id*.). Nolan claimed that the victim of count fourteen was 18 years old. (*Id*.). The court rejected Nolan's argument and denied his motion to withdraw his guilty plea. (*Id*.). On May 24, 2018, Nolan, was sentenced in Campbell Circuit Court to one count of Unlawful Transaction with a Minor Under 16; four counts of Promoting Human Trafficking of a Minor; one count of Unlawful Transaction with a Minor; one count of Unlawful Transaction With a Minor Under 18; three counts of Human Trafficking; one count of Criminal Attempt Human Trafficking of a Minor; nine counts of Criminal Attempt Human Trafficking of Adult; one count of Unlawful Transaction With a Minor; and one count of Prostitution. (*See* R. 1 at Page ID 11, 21). The Campbell Circuit Court amended the judgment on March 8, 2019. (*See id*. at Page ID 34). Nolan appealed to the Kentucky Supreme Court, which affirmed the trial court on July 9, 2020. *See Nolan v. Commonwealth*, No. 2018-SC-000321-MR, 2020 WL 4047517 (Ky. July 9, 0220). Nolan filed a petition for writ of certiorari, which the United States Supreme Court denied on December 7,

2020. *See Nolan v. Kentucky*, 141 S. Ct. 921 (Dec. 7, 2020). Thus, Nolan's conviction became final for federal filing purposes on December 7, 2020. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that the judgment becomes final . . . when this Court . . . denies a petition for certiorari). Nolan filed the present Petition under 28 U.S.C. § 2254 on April 23, 2024. (R. 1).

## II. ANALYSIS

### A. Nolan's Petition is Untimely

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner generally has only one year in which to file a federal petition for writ of habeas corpus. *See* 28 U.S.C. § 2244(d). The AEDPA statute of limitations begins to run from the latest of four circumstances:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)-(D).

Generally, the limitations period begins to run on the date on which the petitioner's judgment of conviction becomes "final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A); *see also Gonzalez v. Thaler*, 565 U.S. at 150. In this case, Nolan pleaded guilty and was sentenced in Campbell Circuit Court on May 24, 2018. (*See* R. 1-1 at Page ID 21). The Campbell Circuit Court amended the judgment on March 8, 2019. (*See Id.*). Nolan appealed to the Kentucky Supreme Court, which affirmed the trial

3

court on July 9, 2020. *See Nolan v. Commonwealth*, No. 2018-SC000321-MR, 2020 WL 4047517 (Ky. July 9, 2020). The U.S. Supreme Court denied Nolan's petition for writ of certiorari on December 7, 2020. *See Nolan v. Kentucky*, 141 S. Ct. 921 (Dec. 7, 2020). Therefore, December 7, 2020, is the date on which the judgment became final by the conclusion of direct review. Thus, under § 2244(d)(1)(A), the time for Nolan to file a federal habeas petition expired one year later, on December 7, 2021. Nolan did not file his Petition in federal court until April 23, 2024, more than two years too late. *See* 28 U.S.C. § 2244(d)(1)(A).

Arguably, Nolan's one-year limitation period could also be governed by § 2244(d)(1)(D). Under that subsection, the statute of limitations begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). A habeas petitioner bears the burden of proving that he exercised due diligence for the statute of limitations to begin running from the date he discovered the factual predicate of his claim. *Russell v. Bradshaw*, No. 17-3959, 2018 WL 11303591, at *1 (6th Cir. July 5, 2018). "The factual predicate of the claim applies to facts necessary to stating a plausible claim to relief in the habeas petition." *Goble v. Taylor*, CIV. 14-58-ART-REW, 2015 WL 770389, at *3 (E.D. Ky. Feb. 19, 2015) (internal quotation marks omitted). Moreover, "[t]he factual predicate must be more than new information that merely supports or strengthens a claim." *Id.* (citing *Jefferson v. United States,* 730 F.3d 537, 547 (6th Cir. 2013)) (cleaned up)).

In Nolan's petition, he argues that an interview with the victim of count fourteen would have allowed him to withdraw his plea because it showed that he was actually innocent of that count. (R. 1 at Page ID 6). Through the exercise of due diligence, Nolan should have discovered the factual predicate of this claim before pleading guilty to that count. Nolan, as is his burden, has not demonstrated that he could not have realized this factual predicate through the exercise of due diligence at a later, or any specific date. Although the state court's records are limited regarding

4

Nolan's plea colloquy, Nolan's awareness of the victim's age at the time of the guilty plea should have, and likely would have, been known. This is especially supported by the fact that the victim's age is an element of that count. Moreover, the new information on which Nolan relies for his actual innocence claim is supportive of a claim that was already made before the trial court in his attempt to withdraw his plea, (*see* R. 1-1 at Page ID 15), an attempt which was thoroughly addressed and denied. (*Id*. at Page ID 16). Thus, his claim's factual predicate is not more information that merely supports or strengthens a claim. Nolan's clock for filing a habeas petition under § 2244(d)(1)(D) would have started running no later than May 24, 2018, considering he should have been aware of the factual predicate before the guilty plea.

In the alternative, Nolan may argue that the factual predicate of his claim is governed by the date on which the interview with the victim that he references in his Petition was conducted. That date is December 13, 2018. (R. 1-1 at Page ID 49). Therefore, the one-year statute of limitations to file his habeas petition under this theory would have expired on December 13, 2019, well before the date his judgment became final by the conclusion of review.

The AEDPA allows for the one-year statute of limitation to begin running from the latest of any of the aforementioned dates. The latest applicable date is December 7, 2020, the day his judgment became final by the conclusion of review. Therefore, Nolan's deadline to file his habeas petition expired at the latest on December 7, 2021. Because Nolan filed his Petition more than two years too late, his Petition is untimely.

### B. Statutory Tolling

Despite its untimeliness, Nolan's Petition might survive the one-year filing bar if the limitation period is statutorily tolled by a state post-conviction filing, pursuant to 28 U.S.C. § 2244(d)(2). The one-year limitations period is statutorily tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the

5

pertinent judgment or claim is pending." *Id*. However, "the tolling provision does not 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

Nolan filed a Kentucky Rule of Criminal Procedure ("RCr") 11.42 Motion in Campbell Circuit Court on November 18, 2021. (*See* R. 1-1 at Page ID 10). Therefore, 345 of Nolan's 365 days had elapsed between December 7, 2020, and his November 18, 2021, RCr 11.42 motion filing date. The clock paused once the RCr 11.42 motion was filed, with Nolan having 20 days remaining in his one-year federal limitations habeas filing period. The Campbell Circuit Court denied Nolan's RCr 11.42 Motion on February 8, 2022. (*See* R. 1-1 at Page ID 10). The Kentucky Court of Appeals affirmed the trial court's denial on April 21, 2023. (*See* R. 5-2); *also see Nolan v. Commonwealth*, No. 2022-CA-0232-MR, 2023 WL 3027861 (Ky. Ct. App. Apr. 21, 2023). The Kentucky Supreme Court denied discretionary review on August 16, 2023. (*See* R. 5-3). Nolan's one-year federal limitations habeas filing period therefore began to run again starting on August 17, 2023, and ran uninterrupted for 20 days before expiring on September 5, 2023. Nolan filed his federal Petition on April 23, 2024, more than seven months too late even with statutory tolling.

  C.    **Equitable Tolling**

Nolan's Petition could still survive being time barred based on the common law principle of equitable tolling. The AEDPA one-year limitation period is subject to equitable tolling, *see Holland v. Florida*, 560 U.S. 631 (2010), which "allows courts to toll a statute of limitations when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quotations omitted). Generally, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

6

circumstances stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (quotations and citations omitted). A petitioner must demonstrate "*both* reasonable diligence *and* an extraordinary circumstance" to benefit from equitable tolling. *Hall*, 662 F.3d at 750 (emphasis added).

Nolan has not shown an extraordinary circumstance stood in his way and prevented timely filing that would lend itself to equitable tolling. Moreover, Nolan has not alleged he is entitled to equitable tolling. Nolan had the opportunity to show such a circumstance, or make such an allegation, by responding to the Show Cause Order. However, he did not respond to that order, and thus did not provide any information that would support equitable tolling. There is no apparent circumstance in Nolan's case that lends itself to equitable tolling. Therefore, Nolan is not entitled to equitable tolling and his one-year federal limitations habeas filing period expired on September 5, 2023.

### D.     Actual Innocence Exception

Nolan argues in his § 2254 Petition that he is actually innocent of count 14, unlawful transaction with a minor under 16 because the victim was actually 18 when she first met Nolan, and that counsel rendered constitutionally ineffective assistance in failing to present this evidence. (R. 1 at Page ID 5-6). Actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Nolan's petition does not face a procedural bar, but rather an expiration of the statute of limitations. To the extent that Nolan could have claimed, either in his petition or by responding to the Show Cause Order, that his actual-innocence argument alone warrants equitable tolling of the statute of limitations to overcome the bar, the Sixth Circuit has held that "constitutional concerns counsel in favor of upholding equitable

7

tolling based on a credible claim of actual innocence." *Souter v. Jones*, 395 F.3d 577, 601 (6th Cir. 2005). Obtaining this sort of tolling requires the petitioner to produce:

> New facts [that] raise sufficient doubt about the petitioner's guilt to undermine confidence in the result of the trial. To establish actual innocence, a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. . . . [T]he actual innocence exception would remain rare and only be applied in the extraordinary case.

*Id*. at 590.  We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 569 U.S. at 386. (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).  While the Supreme Court has not explicitly defined what evidence counts as "new," this court has held that evidence is "new" for the purposes of the actual-innocence inquiry so long as it was not presented at trial.  *Hubbard v. Rewerts*, 98 F.4th 736, 743 (6th Cir. 2024) (citations omitted).  The court must assess the probative force of the newly presented evidence but may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence. *See Schlup*, 513 U.S. at 332.  Additionally, the *Schlup* court illustratively listed "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" as examples of "reliable evidence."  *Id*. (quoting *Schlup*, 513 U.S. at 324).  A federal habeas court should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown. *McQuiggin*, 569 U.S. at 387.

As an initial matter, Nolan pleaded guilty to his state court charge, and certain courts within the Sixth Circuit have found actual innocence claims in such a scenario to be untenable.  *See*

8

*Shofner v. Green*, 0:20-CV-23-KKC-HAI, 2020 WL 8475034, at *4-5 (E.D. Ky. Apr. 16, 2020) (collecting cases), *Report and Recommendation adopted*, 2021 WL 472911 (E.D. Ky. Feb. 9, 2021) ("This approach makes sense"); *Jones v. Brewer*, No. 19-13731, 2020 WL 1188881, at *4 (E.D. Mich. Mar. 12, 2020) ("Petitioner's guilty plea belies an actual innocence claim."); *Carter v. Horton*, No. 2:18-CV-12287, 2019 WL 3997149, at *5 (E.D. Mich. Aug. 23, 2019) ("Any actual innocence exception to AEDPA's statute of limitations is particularly inapplicable here in light of Petitioner's guilty plea"), *certificate of appealability denied*, No. 19-2080, 2020 WL 1320642 (6th Cir. Feb. 7, 2020). As *Shofner* notes, the Sixth Circuit has indicated in an unpublished case that a petitioner can claim actual innocence even if they pleaded guilty. *Shofner*, 2020 WL 8475034 at *5 (citing *Connolly v. Howes*, 304 F. App'x 412, 417 (6th Cir. 2008)). However, *Shofner v. Green* also notes that the cases the Sixth Circuit relied upon for that proposition concerned procedural default, not the AEDPA limitations period. *Id.* at *5. Therefore, consistent with *Shofner v. Green* and supporting case law, Nolan's § 2254 Petition could be dismissed on the basis that he cannot claim actual innocence when he has pleaded guilty in the underlying state criminal action.

Alternatively, following the rationale that Nolan can claim actual innocence despite entering into a guilty plea, he has not produced any "new *reliable* evidence" that would support such a claim. *See Schlup*, 513 U.S. at 324 (emphasis added). Nolan claims that an interview conducted with the victim named in Count 14 by an investigator on December 13, 2018, and Nolan's "Facebook" history show that he is actually innocent of Count 14. (R. 1 at Page ID 5-6). The document provided in Nolan's petition captures an interview that was, although no signatures appear on the document, apparently conducted by Jim Griffin with H.G.—the victim of count 14. (*Id.*). Nolan mentions the evidence as stemming from an interview by Rob Dixon with J.B.—the alleged victim named in count 14 (*id.*), adding to the susceptibility of the evidence to reliability issues. In the interview, the victim of count 14 stated that [she] was 18 or 19 years old when [she]

9

was around Tim Nolan, [she] was never involved in any human trafficking with Tim Nolan and that [she doesn't] know what he did with anyone else, and that [she doesn't] want to be involved in this.  (R. 1-1 at Page ID 49).

This evidence could be considered new because the interview occurred after Nolan's guilty plea and sentencing.  However, even though the evidence is new, it is not reliable because it is not the same character of evidence illustrated as reliable by previous courts.  The court in *Schlup* didn't provide an exhaustive list of what could be considered reliable evidence, but it did provide examples which are instructive of the character of that evidence.  *See Schlup*, 513 U.S. at 324 (listing exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence as examples of support for petitioner's claim).  Here, Nolan's document regarding an interview with the victim does not meet that standard because the document used to support Nolan's claim is neither consistent with his current petition nor supported by affidavit. (*Compare* R. 1 at Page ID 5 *with* R. 1 at Page ID 49).  The statements in the interview are not supported by any type of oath or affirmation.  The document also provides limited context for the interviewee's answers.  Ultimately, this document standing alone would not have turned the tide of proof such that no reasonable juror could have found him guilty beyond a reasonable doubt.  Nolan's actual innocence claim hinges on the idea that the petitioner-provided, non-affidavit document undermines confidence in the verdict against him by guilty plea—a guilty plea which was carefully drafted by himself, formerly a district judge and practicing attorney, and his counsel.  (R. 1-1 at Page ID 16).  Such an argument, along with unreliable evidence, does not persuade.

Also, Nolan's unjustifiable delay, although not a complete bar, is a factor in disfavor with his actual innocence claim.  Nolan attempted to withdraw his guilty plea for Count 14 on the claim that there was no factual basis for the charge and that the victim was eighteen years old.  (R. 1-1 at Page ID 12).  Nolan's awareness of a potential lack of factual basis for Count 14 further

10

illustrates how the delay is unjustifiable. The victim's age should not warrant a delay because it is not normally an elusive fact. Because Nolan has been aware since 2018 that there may be evidence, information as elementary as the victim's age, it makes the delay of his actual innocence claim unjustifiable. Therefore, Nolan's unjustifiable delay in making his claim weighs against whether his actual innocence has been reliably shown.

Although Nolan's arguments are briefly laid out in his Petition, a response to the Show Cause Order may have provided new insight or further clarified his points. However, Nolan did not respond to the Show Cause Order. Nonetheless, the Court can still make a just determination of Nolan's § 2254 Petition.

Altogether, Nolan pleaded guilty to the underlying state action, which could by itself dispose of his claim of actual innocence, his new evidence is not reliable such that no reasonable juror could have voted guilty beyond a reasonable doubt, nor does it undermine the confidence in his guilty plea, and his unjustifiable delay in filing this Petition weighs against granting it. Therefore, review of the untimely Petition based on actual innocence should not be granted.

### III.   CERTIFICATE OF APPEALABILITY

A Certificate of Appealability may issue where a movant made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a movant to demonstrate that "reasonable jurists would find that the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039-40 (2003). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a Certificate of Appealability should issue when the petitioner shows, at least, that jurists of reason would find

it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurist of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, Nolan failed to comply with the statute of limitations and is not entitled to tolling that would result in his claim being timely. Reasonable jurists would not debate the dismissal of Nolan's § 2254 Petition as untimely. Therefore, the undersigned will recommend that the District Judge deny a Certificate of Appealability.

## IV. CONCLUSION AND RECOMMENDATION

For the reasons stated herein, **IT IS RECOMMENDED** that:

1) Nolan's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (R. 1) **be dismissed;** and,

2) a Certificate of Appealability **be denied** in conjunction with the Court's entry of its final order in this matter.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. *See also* Rules Governing Section 2254 Proceedings for the United States District Courts, Rule 8(b). Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Judge. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Judge and Sixth Circuit Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Signed this 26th day of November, 2024.



Signed By:
*Candace J. Smith*
United States Magistrate Judge