UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| TIMOTHY NOLAN, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 2: 24-061-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KEVIN MAZZA, Warden, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Respondent. | ) | |

*** *** *** ***

This matter is pending for consideration of Timothy Nolan's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. [Record No. 1] Consistent with local practice, the petition was referred to United States Magistrate Judge Candace J. Smith for issuance of a Report and Recommendation. On November 26, 2024, Magistrate Judge Smith issued her Report & Recommendation (R&R), recommending that Nolan's petition be dismissed as time barred and that a Certificate of Appealability not be issued. [Record No. 7] The petitioner did not file objections to the R&R within the time provided.

The Court reviews *de novo* any parts of a R&R to which a party objects, but it is not required to review a magistrate judge's factual or legal conclusions when no objections are timely filed. *Thomas v. Arn*, 474 U.S. 140 (1985). Although neither party filed timely objections here, the undersigned has reviewed the magistrate judge's R&R and agrees with all findings and conclusions.

Following review of the factual and procedural history of the matter, Magistrate Smith properly determined that Nolan's Petition is untimely under the Antiterrorism and Effective

Death Penalty Act of 1996 ("AEDPA"). [Record No. 7, pp. 3-5] Under AEDPA, the one-year time period for filing a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254 began to run on the date on which the petitioner's judgment of conviction becomes "final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Here, that deadline was December 7, 2020. And for the reasons outlined in the R&R, extension of the deadline under 28 U.S.C. § 2244(d)(1)(D) would not be appropriate.

Next, neither statutory nor equitable tolling is applicable. [*See* Record No. 7, pp. 5-7; *see also Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010).] After analyzing Nolan's potential claim of equitable tolling, the magistrate judge correctly determined that, at best, his federal petition was filed more than seven months too late. And as noted by Magistrate Judge Smith, "Nolan has not shown [that] an extraordinary circumstance stood in his way and prevented timely filing that would lend itself to equitable tolling." [*Id*. at 7]

Further, he may not avoid the time-bar by seeking to come within the actual innocence exception. [*Id*. at 7-11] Nolan pleaded guilty to the subject state charge and, based on the authorities cited by the magistrate judge, a claim of actual innocence would be untenable under such scenario. *See Shofner v. Green*, Civil Action No. 0: 20-023-KKC-HAI, 2020 WL8475034, at *4-5 (E.D. Ky. Apr. 16, 2020), and additional cases cited at Record No. 7, p. 9. Further, Nolan has not produced any new reliable evidence that would support such a claim. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Based on foregoing discussion and analysis, the Court will not issue a Certificate of Appealability on any issue. Nolan has not demonstrated that reasonable jurists would find that this Court's assessment of any constitutional claim is debatable or wrong. *Slack v. McDaniels*,

529 U.S. 473, 484 (2000). Likewise, reasonable jurists would not find it debatable that this Court procedural ruling was correct. *Id*. at 484. Reasonable jurists could not debate whether Nolan's § 2254 motion should be dismissed as time barred. Accordingly, it is hereby

**ORDERED** as follows:

1. United States Magistrate Judge Candace J. Smith's Report & Recommendation [Record No. 7] is **ADOPTED** and **INCORPORATED** here by reference.

2. Petitioner Timothy Nolan's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 [Record No. 1] is **DISMISSED**, with prejudice.

3. This action is **DISMISSED** and **STRICKEN** from the docket.

4. A Certificate of Appealability will not issue.

Dated: December 16, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky